ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SYED GHOUSUDDIN HASAN, | ) | CASE NO. 4:09CV2537 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| MIRZA A. HUSSAIN, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

This action invoking the Court's diversity jurisdiction is before the Court upon plaintiff *pro se* Syed Ghousuddin Hasan's

    Letter, dated April 20, 2010 (Doc. 37),

    Affidavit Establishing the Factual Grounds for Venue in this
    District (Doc. 38), and

    Motion Complying with this Honorable Court's Order of
    March 18, 2010 with a Request to Place a Lien on the defendant's
    Assets Valuable Enough to Compensate for the Relief the Plaintiff
    Seeks in this Case (Doc. 39),

filed on April 22, 2010, in response to the Court's order to show cause (Doc. 33). Plaintiff is a federal prisoner currently incarcerated in the North East Ohio Correctional Center ("NEOCC"), in Youngstown, Ohio. He contends that the above-entitled action is properly maintained in the Northern District of Ohio.

On October 29, 2009, a complaint was filed in this Court that alleges causes of action for breach of contract against defendant Mirza Hussain. On March 5, 2010, a Motion to Open Default and Set Aside Default Judgment (Doc. 26) was filed with the Court.[1]

On March 18, 2010, the Court issued an Order (Doc. 33) that required that on or before April 21, 2010, the plaintiff show cause why this case should not be dismissed or transferred to the United States District Court for the Northern District of Georgia.

Section 1406(a), 28 U.S.C., authorizes a district court to grant a change of venue when venue was improper in the original forum. Specifically, § 1406(a) provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Section 1406(a) does not require that this Court have personal jurisdiction over the defendant before transferring the case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (utilizing § 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

The Court finds the plaintiff's stated rationale for filing the case in the Northern District of Ohio, and for desiring to keep it here are lacking in merit. Where jurisdiction is founded on diversity of citizenship, a civil action may be brought only in:

> . . . (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is

---

[1]Defendant admits that the plaintiff loaned him a total sum of $65,000.00, exclusive of interest and costs, via three (3) separate loan transactions. *See* Hussain Affidavit (Doc. 26-2) at ¶ 12; Proposed Answer (Doc. 26-4) at 2.

> commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Defendant has had no contact with the State of Ohio in his life. *See* Doc. 26-2 at ¶ 8. The current physical location of the plaintiff within Ohio does not establish this Court as the proper venue for this action. There is no dispute that the plaintiff and defendant both resided in the State of Georgia when the defendant borrowed $10,000 from plaintiff in 2003. The parties also agree that neither of them resided in Ohio when the plaintiff loaned defendant $50,000 in 2005. Finally, there is no dispute that defendant was a resident of Georgia in June 2006 when plaintiff loaned the defendant $5,000. Accordingly,

This case will be transferred to the United States District Court for the Northern District of Georgia.

IT IS SO ORDERED.

| | |
|---|---|
| \_April 26, 2010\_ | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |